McGRATH, Attorney General, et al. v.
CHUNG YOUNG.

No. 12688.

United States Court of Appeals
Ninth Circuit.

April 27, 1951.

---

Ray J. O'Brien, U. S. Atty., Howard K. Hoddick, Asst. U. S. Atty., Honolulu, T. H., Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for appellants.

E. J. Botts, Honolulu, T. H., for appellee.

Before HEALY, McALLISTER (sitting by special designation) and ORR, Circuit Judges.

ORR, Circuit Judge.

In the United States District Court for the Territory of Hawaii, appellee instituted a proceeding under § 503 of the Nationality Act of 1940,[1] asking a judgment declaring him to be a United States national.

Appellee had previously endeavored to obtain a "Certificate of Citizenship—Hawaiian Islands" (see 8 Code Fed.Regs. § 128.5 (1949 Ed.), 12 F.R. 5107). The application was denied on the ground that appellee was not a citizen.

This action was tried by the court sitting without a jury. The trial court found that appellee was born in Honolulu, Territory of Hawaii, on April 26, 1901, and is a citizen of the United States by virtue of his said birth, and entered judgment declaring appellee to be a national of the United States.

Appellant assigns as error the refusal of the trial court to permit answers to certain questions propounded to witness

1. 8 U.S.C.A § 903.

Robert E. Lee, an investigator of the Immigration and Naturalization service in Honolulu, and, in addition, argues that appellee failed to meet the burden of proof required in a proceeding of this character.

The evidence upon which the trial court relied was the testimony of appellee and a finding of a Board of Special Inquiry of the United States Department of Labor, Immigration Service, that appellee was born in Hawaii and was entitled to admission to the territory as a native born citizen. In urging its point as to the insufficiency of the evidence appellant attacks the credibility of the appellee as a witness. This was for the trial court. That court evidently gave weight to the testimony of appellee and we find nothing in the record which requires us to say that the court was not justified in doing so.

In an attempt to discredit the finding of the Board of Special Inquiry made some 27 years before the hearing in the instant action, the Government asked the following question of witness Robert E. Lee:

"Q. Are you familiar with the application of Chung Young for a certificate of citizenship, Hawaiian Islands? A. I think so..

"Q. Did you review the proceedings covering Chung Young's admission to the United States in 1923? A. Did I review them?

"Q. Yes. A. Yes.

"Q. Who appeared as witnesses for Chung Young at that time?

"A. There were three persons. One was Hu Tiam, one was Down Tong Chin, and I do not recall the name of the third witness.

"Q. Did you review the files of the Immigration Service to find out whether these witnesses had appeared in behalf of other applicants for admission to the United States?"

■ The question was objected to and the objection sustained. Appellant assigns this ruling as error. Appellee argues that we should not entertain this assignment because no offer of proof was made. The trial court did not require the appellant to state the facts proposed to be proved by the answer. The question is proper in form and we think on its face clearly admits of an answer favorable to appellant. Buckstaff v. Russell & Co., 1894, 151 U.S. 626, 636, 14 S.Ct. 448, 38 L.Ed. 292.

■ The trial court did not err in excluding the proffered evidence because such evidence would not have been sufficient or competent to overcome the prima facie case which appellee established by introducing evidence of the prior determination of the Board. Cf. Wong Kam Chong v. United States, 9 Cir., 1940, 111 F.2d 707, 710. This was not an attempt to show that the prior determination had been procured by fraud or was the result of error. Rather, the evidence offered was directed at the credibility of witnesses, now deceased, who testified some 27 years ago. Determining the credibility of that testimony and the weight to be accorded it was exclusively the function of the Board of Special Inquiry that made the order. Lum Mon Sing v. United States, 9 Cir., 1941, 124 F.2d 21, 23.

■ Appellant asked the following question of witness Lee:

"Q. (By Mr. Hoddick): Mr. Lee, showing you Certificate of Death No. A-502, dated December 6, 1948, covering the death of one Lai Yung, which was previously shown to the plaintiff, I ask you if you have examined the records of the Immigration and Naturalization Service for the purpose of determining whether other applicants for admission to the United States have claimed that same death record."

Objection was made and sustained. This is assigned as error. If it was the purpose of the appellant to show by the proffered evidence that the death certificate was not that of appellee's father it was resorting to a rather inconclusive method to do so. It is evident that the trial court, in rejecting the proffered showing, considered it of little weight and materiality.

We see no prejudice to appellant in its rejection.

Judgment affirmed.