## WONG GUM v. McGRANERY, Attorney General of United States.

### No. 32201.

United States District Court
N. D. California, S. D.
March 24, 1953.

G. C. Ringole, of San Francisco, Cal., for plaintiff.

Chauncey Tramutolo, U. S. Atty. and Charles Elmer Collett, Asst. U. S. Atty., of San Francisco, Cal., for defendant.

FRIEDMAN, District Judge.

Plaintiff's case is as follows: Plaintiff Wong Gum was born in October, 1928, at Tai Char, China; his father is Wong Sun; his mother is Chan Sook Yee. The father was born in China and was admitted to the United States in September, 1921, as the son of a native-born citizen, and the father always was and now is a citizen of the United States. In 1926, the father took a trip to China and married the mother in China; the father returned to the United States in 1928, leaving behind him in China his first-born son who was about one year old, and his wife who was then pregnant with their second son, who is the plaintiff in this action. In 1928, the father set forth all the foregoing facts in writing to

the Immigration Authorities. In 1947, the mother came to the United States and was admitted as the wife of Wong Sun. A few months later, their two sons came to the United States, were held in detention by the Immigration Service for about nine months to June, 1948, and were then admitted to bail pending further investigation. In November, 1948, the Immigration Authorities ordered the deportation of plaintiff and his older brother. In December, 1948, the older brother was deported, but plaintiff could not be found. Plaintiff's bail was forfeited and the Immigration Authorities located him in 1952 in California.

The two questions to be decided by this Court are as follows:

1. Is Wong Sun a citizen of the United States?

2. Is plaintiff Wong Gum the son of Wong Sun?

The Government contends that both these questions should be answered in the negative. If both of these questions are answered in the affirmative, then plaintiff is a citizen of the United States and should prevail in this action. If one or both of the questions is answered in the negative, then plaintiff is not a citizen of the United States and cannot prevail in this action.

(1) Concerning the first question, plaintiff presents the following testimony: In 1921, when Wong Sun was admitted to the United States as the son of a native-born citizen, he received a Certificate of Identity from the Department of Labor of the United States Government stating that fact. In 1926, he was permitted to go to China and in 1928 he was permitted to re-enter the United States with the finding of the Government that he was a citizen of the United States. In 1947, Chan Sook Yee was admitted to the United States as the wife of Wong Sun.

■■ While the findings of the Labor and Immigration Departments of the United States Government are not res adjudicata and are not binding on this Court, the rule is that the documents from the Departments of Labor and Immigration presented in evidence by plaintiff on this subject are prima facie evidence of the fact that Wong Sun is a citizen of the United States. This presumption may be rebutted by the Government and fraud or any other circumstances may be shown. In Lee Choy v. United States, 9 Cir., 1931, 49 F.2d 24, 26, the Court said: "The certificate of identity was prima facie evidence of the right of the appellant to be and remain in the United States until overcome by proof tending to establish that the same was issued improvidently or was fraudulently obtained." The same position was taken by the Court of Appeals in Yuen Boo Ming v. United States, 9 Cir., 1939, 103 F.2d 355, 358, in the following language: "the possession of the certificate establishes the arrested man's prima facie case of citizenship, which casts on the Bureau the burden of producing substantial evidence of alienage."

■ In the instant case, no evidence whatsoever was presented by the Government on this issue. I therefore find that Wong Sun, at the time of the birth of plaintiff, was and now is a citizen of the United States.

(2) Concerning the second question, the evidence offered by the Government consisted only of showing some minor discrepancies in the testimony of the witnesses who appeared on behalf of plaintiff. A discrepancy in any case is a poor crutch on which to lean, and in these cases discrepancies are often unreliable. Because of the difference in customs between the two races involved, the semantic problems arising in a trial of this nature, and the difficulty of interpretation, innocent discrepancies may creep into the record. Mar Gong v. McGranery, D.C.S.D.Cal., 1952, 109 F.Supp. 821.

■■ I agree with the viewpoint taken by the Court in Ly Shew v. Acheson, D.C. N.D.Cal., 1953, 110 F.Supp. 50, that a mere preponderance of the evidence is not sufficient in cases of this kind for the Court to make its declaratory judgment in favor of plaintiff which, in effect, would grant to plaintiff all the rights and privileges of a citizen of the United States. On the other hand, it is not necessary that the Court be

satisfied beyond every reasonable doubt that plaintiff is the son of Wong Sun. The proper test, it seems to me, is that laid down in the Ly Shew and Mar Gong cases, that before the Court will make a declaration of citizenship, the Court should have "clear and convincing proof" that plaintiff is entitled to citizenship.

The Government introduced testimony showing that in 1939, Wong Sun was convicted of a violation of the Harrison Anti-Narcotic Act, 26 U.S.C.A. §§ 2550 et seq., 3220 et seq., a felony, was sentenced to 18 months, and was imprisoned for 14 months. Furthermore, in December, 1948, when plaintiff learned that an order of deportation had been issued against him, he evaded arrest. He took a job as a houseboy in San Francisco, and the Immigration Authorities were unable to locate him until November, 1952. In September, 1948, plaintiff registered with a Selective Service Board under his true name of Wong Gum. In 1950, plaintiff again registered with another Selective Service Board under the name of Leonard Lee. Plaintiff offers the explanation that in December, 1948, he was afraid that he would be unjustly deported, and for that reason he evaded the Immigration Authorities; that in order not to avoid his Selective Service obligations, and in order to have a Selective Service card in his possession for inspection by any official, he re-registered with another Board under another name, but that his sole purpose in doing so was to avoid deportation.

■ The decision as to whether or not plaintiff is a citizen of the United States cannot be based on the question of the moral standards of plaintiff and his father, but these matters have been taken into consideration in passing upon the credibility of witnesses.

There is one very important thing about this case which differs from most of the cases of this nature. In most of these cases, the mother of plaintiff is in China.

Here, the mother has been married to the alleged father since 1926 and has been living with her husband in California from 1947 to date. In addition to the offspring born to them in China, another child was born to them in California in 1950. There is an actual physical family relationship existing here in California, a situation which we do not find in most of these cases.

■ In most cases, there appear at the trial the alleged father and one or more of his friends who testify that plaintiff is the son of the alleged father. In this case, we have the testimony of plaintiff, his father, his mother, his maternal uncle, and a woman who is not a relative who knew plaintiff in China when he was eight years old. Without the testimony of the mother, this case would be a great deal like the Ly Shew and Mar Gong cases above mentioned, but the presence of the mother at the trial as a witness makes a great deal of difference. In the absence of the mother, a Court might very well find that no witness is perjuring himself, that a husband who has never seen his son until the son comes to the United States may believe that he is the father, that his friends may also believe that he is the father, but that they may be honestly mistaken or that their testimony, because they cannot be sure of their statements, does not appear to the Court to be clear and convincing. However, there is no question but that the mother in this case knows whether or not plaintiff is her son and whether or not Wong Sun is the father. It is possible for the mother to commit perjury, but it is hardly probable that she is mistaken. I feel that the mother in this case is telling the truth. I find, therefore, that there has been clear and convincing proof that Wong Sun is the father of plaintiff.

I conclude, as a matter of law, that plaintiff Wong Gum is now and has been since the date of his birth a citizen of the United States.