**WONG FON HAW, by his next friend, Wong Ah You, Plaintiffs,**

v.

**John Foster DULLES, Secretary of State of the United States, Defendant.**

United States District Court
S. D. New York.

Nov. 19, 1954.

See also D.C., 114 F.Supp. 906.

Marvin M. Neuman, Philadelphia, Pa., for plaintiffs.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City, for defendant (Philip M. Drake, Asst. U. S. Atty., New Rochelle, N. Y., of counsel).

MURPHY, District Judge.

This action to declare that plaintiff Wong Fon Haw is a citizen of the United States is brought pursuant to Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.* Having been tried to the court, the following are made

### Findings of Fact.

1. Wong Ah You is a native born citizen of the United States.

2. Wong Ah You had legitimate sons born in China, one of these named Wong Fon Haw.

3. Plaintiff, Wong Fon Haw, is one of these legitimate sons of Wong Ah You.

4. Plaintiff, Wong Fon Haw, is a citizen of the United States by reason of his birth as son of Wong Ah You.

5. Plaintiff, Wong Fon Haw, has made all necessary application for passport and other travel documents to defendant.

6. Defendant has refused such application.

### Discussion.

Plaintiff, Wong Fon Haw, asserts a claim to citizenship by reason of birth supported by testimony of his alleged father and two brothers. These witnesses were interrogated at length by counsel for both sides concerning appearance of the family house, neighborhood school and barber shop, observance of holidays and family illnesses. All identified Wong Fon Haw from photographs; two of them had visited him between 1947 and 1948, and one of these again between 1951 and 1952. We think that it has been established by clear preponderance of the evidence that plaintiff, Wong Fon Haw, has made valid claim of a privilege as a national of the United States and that such claim was denied. All necessary application having been made in the instant case, the situation presented in Fong Nai Sun v. Dulles,[1] relied upon by the government, is readily distinguishable.

---

* 1952 Revision, Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

1. D.C.S.D.Cal., 117 F.Supp. 391.

The government contends that such denial was not based "upon the ground that he is not a national of the United States"[2] but rather upon "Wong Fon Haw's inability to identify himself as the son of Wong Ah You."

We are aware and have elsewhere noted[3] possible patterns of fraudulent passing-off pregnant in cases involving applications such as the instant one. Every latitude within reasonable exercise of discretion was accorded the government in a concededly difficult task of supporting its surmise of fraud with evidence. To obviate collusion, the courtroom was cleared during examination of each witness, and the government was permitted to postpone cross-examination until the entire case of plaintiff was presented. It should be noted that the government had more than two years to prepare its case. Nothing was produced and nothing elicited to disturb the clear preponderance of plaintiff's proof of Wong Fon Haw's identity as the legitimate son of Wong Ah You.

This court cannot appraise the probative value of evidence in cases of Chinese applicants claiming paternity of American citizens by tests different from those employed in cases of other applicants. For one thing, no other valid tests have been suggested and no different reliable norms are known to the court. For another, serious constitutional questions are implicit in such possible unequal administration of justice.[4]

The plaintiff, we repeat, has established by the necessary preponderance his identity as Wong Fon Haw, and that Wong Fon Haw is the legitimate son of a native born American citizen. In view of this, it is sheer sophistry to insist that the remedy resorted to in this case is not available to plaintiff because denial of his application by defendant was not, as the statute requires, "upon the ground that he is not a national of the United States," but rather because plaintiff had not established his identity. Indeed, plaintiff's identity and his citizenship were synonymous for purposes of his application in this case: to admit one is to concede the other; to deny one is to dispute both.

### Conclusions of Law.

1. Plaintiff, Wong Fon Haw, is a natural born citizen of the United States.

2. Plaintiff, Wong Fon Haw, has been denied a specific privilege as a national of the United States upon the ground that he was not such a national.

3. Defendant should grant the application for passport or other travel document of plaintiff, Wong Fon Haw.

Judgment accordingly.

---

2. 8 U.S.C.A. § 903.

3. United States ex rel. Dong Wing Ott v. Shaughnessy, D.C.S.D.N.Y., 116 F.Supp. 745, 751-752.

4. Id., 116 F.Supp. at 751, note 14; Bolling et al. v. Sharpe et al., 347 U.S. 497, 74 S.Ct. 693.