**AH KONG, as Guardian ad Litem for Fong Hong You, Plaintiff,**

**v.**

**John Foster DULLES, as Secretary of State, Defendant.**

Civ. No. 434.

United States District Court
D. New Jersey.

April 7, 1955.

McCarter, English & Studer, James R. E. Ozias, Newark, N. J., for plaintiff.

Raymond Del Tufo, Jr., U. S. Atty., Herman Scott, Asst. U. S. Atty., Newark, N. J., for defendant.

MODARELLI, District Judge.

This is an action for a declaratory judgment of United States citizenship. The complaint was filed by Ah Kong as guardian ad litem for and allegedly the father of Fong Hong You. Jurisdiction

is based on § 503 of the Nationality Act of 1940, formerly 8 U.S.C.A. § 903,[1] which was in effect in 1951 when this complaint was filed.

Fong Hong You's claim of United States citizenship factually is based on the allegation that on May 18, 1935, in China, he was born the son of Ah Kong, a native-born American. Fong Hong You's claim legally is based on § 1993 of the Revised Statutes.[2]

There are two material issues of fact: (1) Whether Ah Kong was born in the United States, and (2) whether Fong Hong You was born the son of Ah Kong. If Ah Kong was born in the United States and if Fong Hong You is his son, then the latter is entitled to a declaratory judgment.

Ah Kong testified, without objection, that he was born in San Francisco, California, on October 23, 1884, and has resided in East Orange, New Jersey, since 1905. He testified that he lived in San Francisco until he was 5 or 6 years of age, when he went to China with his parents; in 1901 he returned to the United States, entering at Port Henry, New York, where he was arrested on the charge of being unlawfully in the United States. His case was heard by United States Commissioner Dudley (for the Northern District of New York) who granted him a certificate of discharge and released him. Later, Ah Kong revisited China and in 1909 as a native he was readmitted through the Port of Malone, New York, to the United States.

In 1913, when Ah Kong decided to revisit China, he underwent an investigation of his citizenship status by the United States Immigration Service, which resulted in the following recommendation by the inspector in charge: "This certificate [of discharge] has been pronounced genuine by Commissioner Dudley and inasmuch as the evidence offered at the trial shows the issue to have been nativity and the applicant has reasonably established that he is the rightful holder of said certificate, I recommend favorable action." The recommendation was accepted. In 1915, Ah Kong was admitted at Seattle, Washington, "as a returning citizen." At that time, he was given a certificate of identity because "satisfactory proof has been submitted." In 1924, the Immigration Service admitted to the United States at Boston, Massachusetts (Fong) Hong Get "as the son of (Fong) Ah Kong, a citizen of the U. S. (native born) * * *." And in 1926, at New York, New York, Fong Hong Ong was admitted to the United States and was issued a certificate of identity declaring him to be a "Citizen (son of Fong Ah Kong, native)." In 1939, Ah Kong was readmitted to the United States at Seattle, Washington, "as a citizen."

What type of evidence and what burden of proof is required to prove the paternity of a Chinese claiming American citizenship?

■■ On the issue of Ah Kong's citizenship, the documentary evidence of the prior determinations of his citizenship status establishes a prima facie case. McGrath v. Chung Young, 9 Cir., 188 F. 2d 975, 977; Wong Gum v. McGranery, D.C., 111 F.Supp. 114 and cases cited therein. Plaintiff's burden of proof is that he must establish his claim by a fair preponderance of the evidence. Ly Shew v. Dulles, 9 Cir., 219 F.2d 413; Lee Wing Hong v. Dulles, 7 Cir., 214 F.2d 753, 758; Wong Fon Haw v. Dulles, D.C., 125 F.Supp. 658; Lou Goon Hop v. Dulles, D.C., 119 F.Supp. 808, 810. In the case at bar that burden has been met by showing the numerous prior findings by the administrative agency charged with the duty of determining citizenship status for purposes of issuing traveling documents and admitting to the United States and excluding therefrom persons claiming American citizenship. The defendant produced no evidence refuting any of Ah Kong's testimony or the prior determinations and despite able cross examination by the Assistant United States Attorney, there

1. Now 8 U.S.C.A. § 1503.

2. Now 8 U.S.C.A. § 1401.

is no material discrepancy in any of the evidence relevant to Ah Kong's birth.

 Based on the foregoing, the court concludes that Ah Kong is and always has been an American citizen as a result of his birth in this country.

Has Fong Hong You proved that he was born the son of Ah Kong? (a) Ah Kong testified that on May 18, 1935, when he was present in China, Fong Hong You was born as his son; there is documentary corroboration that on that date Ah Kong was outside the United States; (b) there is documentary evidence that in 1939 when Ah Kong returned to the United States he reported to immigration authorities the birth of Fong Hong You; (c) Fong Hong You testified that he is the son of Ah Kong; (d) Fong Hong Ong testified that he is the son of Ah Kong and that Fong Hong You is his brother; in 1935 while he lived in China with his mother, brothers, and sister he "noticed that my mother was then in a family way;" and between 1947 and 1950 when he revisited China he saw Fong Hong You living with his mother; other parts of his testimony further corroborate Ah Kong's testimony regarding Fong Hong You's alleged pedigree. Although the evidence of Fong Hong You's birth is nearly entirely testimonial, the court did not disbelieve any of the witnesses, their demeanor was that of credible persons, the contents of their testimony was credible and vigorous cross examination failed to disclose any material inconsistencies in the testimony.

The Ninth Circuit, where many Chinese citizenship cases have been brought, has repeatedly stated that the "right to citizenship is a priceless thing" to the person seeking to establish it. Wong Wing Foo v. McGrath, 9 Cir., 196

F.2d 120, 122. A more expanded statement in another Chinese citizenship case is that of the Supreme Court in Kwock Jan Fat v. White, 253 U.S. 454, 464, 40 S.Ct. 566, 570, 64 L.Ed. 1010, that: "* * * It is better that many Chinese immigrants should be improperly admitted than that one natural born citizen of the United States should be permanently excluded from his country." I suppose that judicial pronouncement applies to the son or daughter of a natural-born citizen with equal force and effect.

Since the right to citizenship is a priceless thing, one would not expect an exceptionally high burden of proof in establishing it. On the contrary, once that "priceless" right is established, the burden on the United States for its deprivation is that the proof shall be " 'clear, unequivocal, and convincing.' " Baumgartner v. United States, 332 U.S. 665, 671, 64 S.Ct. 1240, 1244, 88 L.Ed. 1525. The defendant produced no such proof.

I found that certain testimony concerning the family life of the plaintiff produced at the trial strange and incredible until it was later shown to be consistent and conventional in the light of the customs prevalent in Chinese society.

On the basis of the foregoing evidence on behalf of Fong Hong You and the cases cited above, the court concludes that the plaintiff has established that he was born the son of Ah Kong.

There will be a declaratory judgment that Fong Hong You is a citizen.

The foregoing opinion shall constitute findings of fact and conclusions of law, as required by Fed.Rules Civ.Proc. rule 52, 28 U.S.C.

An order may be submitted in conformity with the opinion herein expressed.