Nicholas **DELMORE**, also known as Nicholas Amoruso

v.

Herbert **BROWNELL**, Attorney General of the United States, and Raymond G. Hoffeller, Agent in Charge of Immigration and Naturalization Service, Appellants.

No. 11844.

United States Court of Appeals Third Circuit.

Argued June 4, 1956.

Decided Sept. 6, 1956.

Charles H. Hoens, Asst. U. S. Atty., Newark, N. J. (Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., on the brief), for defendants-appellants.

Anthony A. Calandra, Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

■ Delmore, also known as Amoruso, having been declared an alien and ordered deported, brought suit to have himself declared to be a native born citizen of the United States and to restrain the defendants from proceeding with his deportation. See 28 U.S.C. § 2201 and 8 U.S.C.A. § 1503(a).[1] The court below held that the evidence was insufficient to establish that the plaintiff was not a United States citizen and declared him to be a citizen of the United States. See 135 F.Supp. 470 (1955). The appeal followed.

Delmore asserted and endeavored to prove that he was born at San Francisco, California, on December 25, 1888, the son of Luigi and Providenzia Amoruso; that during his infancy his parents moved from the United States to Italy and took him with them. During World War II Delmore had an attorney write to the Bureau of Immigration and Naturalization and requested "an expression and determination as to whether or not he

---

1. The issue at bar is framed in terms of Delmore's status as a United States citizen. He therefore was entitled to a trial *de novo*, 8 U.S.C.A. § 1503, free of any burden of overcoming a prior adverse administrative finding. Wong Wing Foo v. McGrath, 9 Cir., 1952, 196 F. 2d 120; Mah Ying Og v. McGrath, 1950, 88 U.S.App.D.C. 87, 187 F.2d 199.

[Delmore] can be considered a citizen of the United States." On October 5, 1942 the then Commissioner of Immigration Earl G. Harrison [2] replied that it appeared that Delmore was born in San Francisco as he claimed and that "'* * * it is the view of this Service in light of the facts submitted and considered, that Mr. Delmore may properly be regarded a native and citizen of the United States.'"[3]

▮▮ What is the effect of the Commissioner's letter? It, of course, was not a formal adjudication of citizenship status. It does not possess quite the dignity of a determination by a "Board of Special Inquiry". See McGrath v. Chung Young, 9 Cir., 1951, 188 F.2d 975. Cf. Ah Kong v. Dulles, D.C.D.N.J.1955, 130 F.Supp. 546, and Wong Kam Chong v. United States, 9 Cir., 1940, 111 F.2d 707. But the letter, nonetheless, was a determination of Delmore's status. He had the burden of proving his citizenship by a preponderance of the evidence. Lee Shew v. Brownell, 9 Cir., 1955, 219 F.2d 301. The letter established his *prima facie* case. Wong Kam Chong, supra, 111 F.2d at page 710.

The court below held[4] that when a plaintiff, seeking a declaration of citizenship, as in the proceeding at bar, has made out a *prima facie* case, it is necessary for the government, in order to rebut it, to do so by "clear, unequivocal, and convincing evidence", evidence of the sort which would sustain a judgment of denaturalization. Such a degree of proof is, of course, much more than a mere preponderance of the evidence. The defendants assert that the court below erred in so ruling. This is the substantial question which we must decide.

▮▮ It is true, as the defendants contend and as the court below itself pointed out, that in four of the five decisions cited in note 4, supra, the government was required "to establish by evidence of *that* quality the expatriation of one who had concededly once been a citizen of the United States." (emphasis added), and in the fifth case, the suit was to establish citizenship as the son of an American father and that a like degree of proof was required of the government. It can be plausibly argued also that in the case at bar the fact of citizenship has never been conceded and that the circumstance of undisputed citizenship differs materially from a disputed claim to such a status. But the Commissioner of Immigration determined that Delmore was a citizen. Once the United States has determined that an individual is a citizen, it should be required to disprove its own determination by "clear, unequivocal, and convincing evidence" and the principle of the cases cited in our note 4 must be deemed to be applicable. If the Bureau of Immigration and Naturalization erred in making such a determination the remedy must lie in taking greater care. We are aware that the Court of Appeals for the Ninth Circuit seemed to rule to the contrary in Mah Toi v. Brownell, 1955, 219 F.2d 642, certiorari denied 350 U.S. 823, 76 S.Ct. 49. It should be observed, however, in that case that the appellant, seeking a declaration of naturalization, conceded that if an order of the Superior Court of California was not conclusive evidence of his native birth, it did not shift the burden. The ruling was clouded by the concession. See Id., 219 F.2d at page 644. If the holding in Mah Toi be contrary to

---

2. The letter was actually signed "Earl G. Harrison, Commissioner, By T. B. Shoemaker, Deputy Commissioner," through the agency of Argyle R. Mackey, a subordinate of Mr. Shoemaker.

3. Delmore testified that there was a hearing held at the Central Office of the Bureau of Immigration and Naturalization in Philadelphia. His attorney gave like evidence. The court below in effect found that there was no formal hearing,

stating: "It is altogether probable that no formal hearing occurred * * *." See 135 F.Supp. at page 475.

4. Relying on Lehmann v. Acheson, 3 Cir., 1953, 206 F.2d 592, 598–599; Monaco v. Dulles, 2 Cir., 1954, 210 F.2d 760; Rueff v. Brownell, D.C.D.N.J.1953, 116 F.Supp. 298, 307; Gensheimer v. Dulles, D.C.D. N.J.1954, 117 F.Supp. 836, 839; Ah Kong v. Dulles, D.C.D.N.J.1955, 130 F. Supp. 546.

what we have stated herein, despite our natural deference to the decisions of the Court of Appeals for the Ninth Circuit, we must disagree with that tribunal.

Other points raised by the defendants do not require discussion. We may say, however, that we think that the trial court was correct in its ruling admitting in evidence the family history statement supplied by the Registrar of Vital Statistics of Nicosia. We conclude that the court committed no error in weighing that statement and its obvious deficiency.

The judgment of the court below will be affirmed.