**WING YING GEE, also known as Gee Wing Ying, Plaintiff,**

v.

**Robert F. KENNEDY, Attorney General of the United States, Defendant.**

**Civ. No. 5-62-6.**

United States District Court
D. Minnesota,
Fifth Division.

Feb. 1, 1963.

Hamerston & Bye, by Richard L. Bye, Duluth, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., and J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

This proceeding, seeking a declaratory judgment,[1] challenges defendant's cancellation of a certificate of citizenship issued to plaintiff on October 2, 1951. The case was thoroughly tried, briefed and submitted finally for determination by the Court on January 24, 1963.

Plaintiff's complaint, as amended, alleges the requisite jurisdictional facts and which as contravened by defendant's answer with admissions and denials constitutes joinder of issue of all that is pertinent and material to the trial and disposition of the case at bar.

The Clerk's file and the minutes of this Court reflect thorough preparation for trial and able presentation of the evidence by diligent counsel. When both parties rested and the evidence declared closed,

1. Section 360(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503(a).

counsel for plaintiff and defendant requested a reasonable time to prepare and file briefs. Plaintiff's brief was received on January 11, 1963. Defendant's brief followed on January 24, 1963.

### I. The Issue of Fact.

Plaintiff's brief outlines the factual issue involved herein by propounding four interrogatories, the first of which appears to be all inclusive of those that follow and is, as follows:

"Is Gee Wing Ying the natural legitimate blood son of Gee Hong?"

Defendant agrees with plaintiff in respect to the fact issue in these words:

"The issue in this case is whether plaintiff's father, Gee Hong, is in fact the son of Gee Un Jung, who was born in San Francisco, California."

What are the facts? Resort to the evidence dating back to 1887 discloses that plaintiff's citizenship was certified to by the Department of Justice on October 2, 1951.[2] While a member of the armed forces of the United States, he applied for permission to marry one "Poon Lilly" then residing in Hong Kong.[3] Permission to marry Lilly Poon was granted.[4] The marriage was duly performed.[5]

Plaintiff petitioned for issuance of immigrant visa for his wife, Mrs. Lilly Poon Gee, which petition was duly filed on January 30, 1959, and approved. It was then forwarded to the Immigration and Naturalization Service (hereinafter referred to as Immigration) at Duluth, Minnesota, following plaintiff's honorable discharge from the armed forces on February 12, 1959. Following investigation by Immigration directed at plaintiff's paternity, the instant case was commenced and petition for visa withheld pending final outcome of said litigation, based on the alleged claim of doubt "that Gee Hong, the apparent father of petitioner and through whom petitioner de-

rived citizenship * * * is in fact a citizen of the United States." [6]

It is undisputed that plaintiff was born in China and was admitted by Immigration on December 10, 1950, as a citizen of the United States. That plaintiff married one Lilly Poon in Hong Kong, British Crown Colony, on January 23, 1959, and thereafter as a citizen of the United States filed a visa petition with Immigration for travel documents to permit his said wife to enter the United States. That no action has been taken on said petition.

It is undisputed that on November 18, 1959, the District Director of Immigration, following elaborate but belated investigation, instituted proceedings to cancel plaintiff's certificate of citizenship; that on November 1, 1960, said Director of Immigration ordered plaintiff's certificate of citizenship to be cancelled, from which order, an appeal was taken by plaintiff on November 11, 1960, to the Regional Commissioner of Immigration. That after hearings, the said District Director on August 31, 1962, certified to the Regional Commissioner his order cancelling said certificate of citizenship, which order was upheld by the Regional Commissioner on October 3, 1962.

### II. The Issue of Law.

Plaintiff contends that said order cancelling said certificate of citizenship constitutes a denial of plaintiff's rights and privileges as a citizen and national of the United States of America.

Defendant contends the law supports cancellation.

The issue of plaintiff's citizenship has not arisen and has not been an issue in any exclusion proceedings brought by the defendant.

What is the applicable law?

It is conceded that defendant has the burden of proof in the present case.[7]

---

2. See exhibit 1.

3. See exhibit 4.

4. See exhibit 6.

5. See exhibit 7.

6. See exhibit 8.

7. McGrath v. Chung Young, 9 Cir., 188 F. 2d 975; Ah Kong v. Dulles, (D.C.N.J.) 130 F.Supp. 546.

Defendant's view of this is quoted in these words:

"The defendant does not dispute plaintiff's position that once they have established a prima facie case the burden of proof normally upon the plaintiff shifts to the Government and it then becomes the burden of the Government to disprove plaintiff's case by clear, convincing and unequivocal evidence. The defendant does, however, contend that where the plaintiff has the initial burden of proof he assumes the risk of nonpersuasion."

At the outset it should be said that, absent the person of sovereignty, the long delayed investigations by Immigration and its attempt to vitiate previous error call for application of the equitable doctrine of laches against defendant in the instant case. Differences and discrepancies between what was said long ago, and as presently recalled by mortal man, are best pointed out by Mr. Justice Story's condemnation of delay, as here met with, in these words: " *  *  * suits may not be immortal, while men are mortal." [8] Memory is frail and the easy victim of fleeting time. With this in mind, resort will now be had to the Court's minutes and the record.

As early as July 10, 1888, the records of the United States Circuit Court for the Northern District of California disclose that a writ of habeas corpus was issued, executed, and determined favorably in behalf of Gee Un Jung.[9]

■■ Attached to plaintiff's brief is a graphic chain of title to his claim of citizenship. Plaintiff's citizenship was certified to by the Department of Justice of the United States and received in evidence as plaintiff's exhibit 1. Then and thereby plaintiff's prima facie case was established, which shifted the burden of proof to defendant. This change in status of the parties called for probative evidence in lieu of the "doubt" that prompted Immigration to launch the much delayed inquiry and the cancelling of the precious gift of citizenship. The record and exhibits in evidence clearly establish the right of claim to citizenship by Wing Ying Gee.[10] That he was and should be reinstated to what was bestowed by proof and law to be plaintiff's priceless legacy of citizenship is supported by the greater weight of evidence in the case at bar.

In support of the foregoing, it should be further said that the prima facie case of plaintiff's citizenship is aided by defendant's claimed legal error designating plaintiff a citizen on December 16, 1934.[11] Our Supreme Court emphasizes the conclusion reached, in this manner:

"It is better that many Chinese immigrants should be improperly admitted than that one natural born citizen of the United States should be permanently excluded from his country."[12]

Plaintiff's citizenship is hereby reinstated.

IT IS SO ORDERED.

An exception is allowed defendant.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

8. Ocean Insurance Co. v. Fields, 18 Fed. Cas. pp. 532, 539, No. 10,406, 2 Story 59.

9. See exhibit 9 wherein among other recitals, it was stated that said Gee Un Jung "was born in the United States A.D. 1874 and is a citizen of the United States *  *  * and that he be discharged from the custody from which he has been produced and that he go hence without day. "Entered this 13th day of Dec'r. 1888. L. S. B. Sawyer, Clerk."

10. See exhibits 9, 10, 11, 12, 13, 14, 15, 16, 21, and 35.

11. See: Lee Hon Lung v. Dulles, 9 Cir., 261 F.2d 719; Montana v. Rogers, 7 Cir., 278 F.2d 68; McGrath v. Chung Young, 9 Cir., 188 F.2d 975.

12. Kwock Jan Fat v. White, 253 U.S. 454, 464, 40 S.Ct. 566, 570, 64 L.Ed. 1010; Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525.