**NOT PRECDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3670
_____

GILBERTO ERNESTO EDWARDS

v.

TONY BRYSON, District Director USCIS Philadelphia;
EVANGELIA A. KLAPAKIS, Field Office Director USCIS Philadelphia;
THOMAS DECKER, Field Office Director ICE Philadelphia;
ORLANDO RIVERA, Regional Director Department of State
Passport Office Philadelphia; PERRY RHEW, Chief CIS Administrative Appeals Office;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-11-cv-03553)
District Judge:  Honorable Anita B. Brody

Submitted under Third Circuit LAR 34.1(a)
on August 26, 2013

Before:  SLOVITER, FUENTES and ROTH, Circuit Judges

(Opinion filed: October 8, 2014)

O P I N I O N

**ROTH**, Circuit Judge:

The District Court granted summary judgment to Gilberto Ernesto Edwards on his claim brought under 8 U.S.C. § 1503(a), seeking a declaratory judgment that he is a United States citizen. For the reasons that follow, we will reverse the judgment of the District Court and remand this case to the District Court with directions to enter judgment in favor of the appellants.

## I.  Background[1]

Edwards was born in Panama in 1965. In 1977, Edwards was admitted to the United States as a lawful permanent resident.

In 1982, Edwards's mother naturalized as a United States citizen. At the time of his mother's naturalization, Edwards was seventeen years old and he resided with his mother. Although, his parents were still married, they lived separately. Edwards's father was obligated to pay child support to Edwards's mother. In 1983, Edwards turned eighteen. In 1984, Edwards's father naturalized as a United States citizen. In 1985, Edwards's parents divorced.

In 1991, Edwards applied for and received a United States passport. In support of his application, Edwards submitted his parents' naturalization certificates and his own birth certificate.

In 2000, the United States indicted Edwards for narcotics trafficking offenses. He was convicted on March 27, 2001.

---

[1] We write primarily for the parties, who are familiar with the facts of this case. Therefore, we will set forth only those facts necessary to our analysis.

On February 13, 2001, Edwards filed an N-600 Application for Certificate of Citizenship with the Immigration and Naturalization Service (INS). At the time Edwards filed the N-600 application, his passport was still valid. However, it expired on December 15, 2001.

On August 7, 2008, Edwards filed another N-600 application, this time with United States Citizenship and Immigration Services (USCIS).[2] On August 29, 2009, both of his N-600 applications were denied. Edwards appealed the decision to the Administrative Appeals Office and the case was remanded to USCIS to allow the Department of State to determine whether it could revoke Edwards's passport.

On June 15, 2011, USCIS again denied Edwards's N-600 applications, noting that his passport could not be revoked because it had already expired. On July 14, 2011, the Administrative Appeals Office affirmed the denial of Edwards's N-600 applications.

Edwards then filed an action in the Eastern District of Pennsylvania against the appellants, Tony Bryson, District Director, USCIS, Philadelphia; Evangelia A. Klapakis, Field Office Director, USCIS, Philadelphia; Thomas Decker, Field Office Director, ICE, Philadelphia; Orlando Rivera, Regional Director, Department of State Passport Office, Philadelphia; Perry Rhew, Chief COS Administrative Appeals Office; and the Secretary, United States Department of Homeland Security, seeking a judgment pursuant to 8 U.S.C. § 1503(a) declaring him to be a United States citizen. Edwards and the

---

[2] In 2003, the USCIS took over the role of the INS in processing applications for certificates of citizenship.

government cross-moved for summary judgment. The District Court granted Edwards's

motion and declared him to be a United States citizen. The government appealed.

## II.     Standard of Review

We exercise plenary review over a grant of summary judgment. *See Liberty*

*Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 323 (3d Cir. 2012). Summary

judgment is only appropriate when there is no issue in dispute regarding any material

fact, so that the moving party is entitled to judgment as a matter of law. *Id.* A grant of

summary judgment is reviewed in the light most favorable to the non-moving party. *Id.*

This means that all reasonable inferences must be drawn in the non-movant's favor. *Id.*

## III.    Discussion[3]

Edwards's declaratory judgment action entitled him to a *de novo* proceeding

before an Article III court to determine whether he is a United States citizen. *Delmore v.*

*Brownell*, 236 F.2d 598, 599 & n.1 (3d Cir. 1956). In the § 1503(a) proceeding before

the District Court, Edwards bore "the burden of proving his citizenship by a

preponderance of the evidence." *Id.* at 600. The District Court held that Edwards's

expired passport was sufficient to satisfy this burden. *Edwards v. Bryson*, 884 F. Supp.

2d 202, 205-06 (E.D. Pa. 2012). The District Court's decision relied principally on 22

U.S.C. § 2705. Section 2705 provides that a "passport, during its period of validity (if

such period is the maximum period authorized by law), issued by the Secretary of State to

a citizen of the United States" will serve as conclusive proof of United States citizenship.

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

4

22 U.S.C. § 2705. In light of § 2705 and because Edwards had been issued a passport, the District Court held that, although there was a dispute as to whether "an expired passport can serve as conclusive proof of citizenship, there is no doubt that it is sufficient to establish by a preponderance of the evidence that Edwards is a U.S. citizen." *Edwards*, 884 F. Supp. 2d at 206.

While Edwards's appeal was pending, we interpreted 22 U.S.C. § 2705 as providing that a passport will serve as conclusive proof of United States citizenship only if "its holder was actually a citizen of the United States when the passport was issued." *United States v. Moreno*, --- F.3d ---, No. 12-1460, 2013 WL 3481488, at *3 (3d Cir. July 3, 2013).[4] Here, however, the District Court held that, under § 2705, Edwards's expired passport was conclusive proof of his citizenship, even though there was no evidence that he was actually a citizen when his passport was issued to him. *Edwards*, 884 F. Supp. 2d at 206. This ruling is inconsistent with our decision in *Moreno*.

It is acknowledged by the parties that Edwards was not already a citizen of the U.S. when his passport was issued in 1991. Edwards's argument has been that he is a U.S. citizen based on the passport issued to him. He has made no showing that, at the time he obtained the passport, he was a U.S. citizen. Under *Moreno*, therefore, his passport is not conclusive proof of his U.S. citizenship and he has failed to meet his burden under 8 U.S.C. § 1503(a). *See Delmore*, 236 F.2d 598, 600.

---

[4] We note, however, that in some contexts, a passport may serve as conclusive proof of citizenship without a showing that the holder was actually a citizen when the passport was issued. A valid passport, for example, may serve as conclusive proof of citizenship in some administrative proceedings, or when questions of citizenship arise between private parties.

**IV.    Conclusion**

For the above reasons, we will reverse the judgment of the District Court and remand this case to it with instructions to enter judgment in favor of appellants.