NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2388
_____

UNITED STATES OF AMERICA

v.

ANDRE ALLEN WILLIAMS, a/k/a Andre Demetrius Williams a/k/a Andre Curry a/k/a
Andre Williams

ANDRE ALLEN WILLIAMS,
                                             Appellant.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 11-00116)
District Judge:   Honorable Alan N. Bloch
_____

Submitted Pursuant to L.A.R. 34.1(a)
May 22, 2014

Before:   McKEE, *Chief Judge*, CHAGARES and GARTH, *Circuit Judges*

(Opinion Filed: November 7, 2014)
_____

OPINION∗
_____

---

∗ This is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

McKEE, *Chief Judge*.

Andre Williams appeals his conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. For the following reasons, we will affirm.[1]

## I.

### A.

The Government filed an indictment charging Williams with conspiracy to distribute and possess with the intent to distribute five kilograms or cocaine in Count I, and attempt to distribute and possess five kilograms or more of cocaine in Count II. However, the statute charged in Count I, 21 U.S.C. § 841(b)(1)(A)(iii), erroneously referred to the penalty provisions relating to "crack" cocaine, rather than powder cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(ii). It is undisputed that the charged conspiracy was for involvement with the powder form of cocaine, not cocaine base or "crack." The discrepancy was not noticed until a guilty plea hearing for co-defendant Mitchell and the Government then amended Williams' indictment to charge cocaine as opposed to cocaine base or crack.[2] Williams now argues that this amendment was improper and that the matter should have been presented to a grand jury.

On November 15, 2011, the Government filed a superseding indictment against Williams and co-defendant Mitchell, two counts: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count 1); and attempt to

---

[1] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.
[2] The Government represents, and Williams does not deny, that the discrepancy was actually detected and corrected four months before the start of his trial.

distribute and possess five kilograms or more of cocaine (Count 2). The other defendants, including Mitchell, entered guilty pleas. At Mitchell's guilty plea entry, her indictment was amended to correct an error in the statute citation. Williams pleaded not guilty and after a three-day trial, a jury convicted him of Count 1 and acquitted him on Count 2.

In evaluating an amendment to an indictment, "the precise inquiry is whether the change in the indictment is substantial or material, and not merely one of form." *United States v. Gross,* 511 F.2d 910, 916 (3d Cir. 1975). There is, however, a "settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962). Moreover, unless Williams was "misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment . . . or to reverse a conviction." FED. R. CRIM. P. 7(c)(2).

Here, it is not disputed that Williams had discovery before trial and that he knew that the Government was prosecuting him for his role in distributing powder cocaine. Although Williams correctly notes that indictments must be presented to grand juries, he fails to show how he was prejudiced by the correction of what was clearly nothing more than a scrivener's error in this case. Accordingly, amending the indictment to correct what was obviously a typographical mistake was not error under the circumstances here.

**B.**

We exercise plenary review over a district court's decision to deny a motion for a judgment of acquittal pursuant to Rule 29. *United States v. Moreno*, 727 F.3d 255, 259 (3d Cir. 2013). Williams contends that the district court's denial of his Rule 29 motion

3

was improper because the Government failed to prove a conspiracy. We determined the appropriate appellate standard of review for drug conspiracy convictions in *United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013) (en banc). There, we explained, "[t]o prove a conspiracy, the government must show: (1) a shared unity of purpose; (2) an intent to achieve a common illegal goal; and (3) an agreement to work toward that goal." *Caraballo-Rodriguez*, 726 F.3d at 425. Moreover, we must assess the jury's verdict "from the perspective of a reasonable juror." *Id.* at 431. Unless we can conclude that "the jury's conclusion is irrational," the jury's decision "must be upheld." *Id.* at 432.

Here there was evidence that: Williams arrived on the scene where the drug deal was to take place, retrieved the money from Mitchell's car and placed it in his car, and then had undercover agent Jimenez verify the amount. In reviewing this record, we do not "play the role of an extra juror in assessing all the possible inferences that *could* be drawn." *Id.* at 434. Rather, we must "uphold the jury verdict . . . as long as it passes the 'bare rationality' test." *Id.* at 432. The evidence here is clearly sufficient to survive that test. Accordingly, the district court did not err in denying the motion to acquit.[3]

## C.

Finally, Williams challenges the supplemental instruction that the court gave to the jury after the jury indicated that it was at an impasse. *See Allen v. United States*, 164 U.S. 492, 501–02 (1896) (approving the administration of supplemental instructions to

---

[3] We need not discuss Williams' argument for a willful blindness instruction. There is nothing in the evidence to suggest that Williams asked the court for this instruction below. *See United States v. Caraballo-Rodriguez*, 726 F.3d 418, 423 (3d Cir. 2013) (en banc) (evaluating the district court's willful blindness instruction after the Government requested such instruction).

the jury after the main charge was delivered). After this supplemental charge was submitted, the jury rendered a verdict of guilty on Count I and not guilty on Count II. Williams maintains that the *Allen* charge was coercive and that a new trial is necessary.

Although an *Allen* charge can be problematic, we recognize its utility in circumstances where the jury cannot reach a unanimous decision, provided the district court does not coerce the jury into unanimity. *See, e.g.*, *United States v. E. Med. Billing, Inc.*, 230 F.3d 600, 613 (3d Cir. 2000) (reversing the guilty verdicts of the defendants when the court issued an instruction that distinguished the views of the majority and minority of jurors and emphasized the burdens of a new trial); *But see United States v. Fioravanti*, 412 F.2d 407 (3d Cir. 1969). Absent such coercion, it is appropriate for a district court to provide additional instructions to a deadlocked jury. *E. Med. Billing, 230 F.3d* at 615. However, "the court should do no more than encourage the jurors to fulfill their duty, and possibly draw their attention again to the same rules governing their task that were explained to them during the original instruction." *Id.* That is all that happened here.

Accordingly, this supplemental charge did not reach the level of coercion that we cautioned against in *Eastern Medical Billing* or its progeny. Rather, the court explained that, although juries should try to reach a unanimous verdict, they should only achieve unanimity "if it is consistent with the conscience of each member of the jury." App. Vol. 4 p. 522. This charge was totally consistent with our discussion in *Eastern Medical Billing. See id.* at 604–05. Accordingly, we conclude that the district court did not abuse its discretion in administering the *Allen* charge.

5

## II.

For the reasons expressed above, we will affirm each of the disputed orders and affirm the judgment of the district court.