NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3770
_____

UNITED STATES OF AMERICA

v.

MERRELL HOBBS,
a/k/a REL, a/k/a MURDER

Merrell Hobbs,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cr-00620-02)
District Judge: Hon. Lawrence F. Stengel

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 24, 2015

Before: CHAGARES, JORDAN, and BARRY, *Circuit Judges.*

(Filed: May 11, 2015)
_____

OPINION*
_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Merrell Hobbs appeals his conviction and sentence in the United States District Court for the Eastern District of Pennsylvania based on his participation in a large-scale drug-trafficking enterprise known as the "Harlem Boys" that operated in the Bartram Village Housing Development in Philadelphia. On appeal, he essentially raises four grounds of alleged error. For the following reasons, we will affirm.

## I.     Background

The pertinent factual background surrounding the Harlem Boys drug-trafficking operation is set forth more fully in the lead opinion in the case. *See United States v. Moten*, No. 13-3801, Slip Op. at 2-5 (3d Cir. May 11 2015). We provide here only the facts relevant to Hobbs's appeal.

Hobbs was named along with nineteen other defendants in an eighty-nine count superseding indictment. More specifically, he was charged with conspiracy to participate in a racketeering enterprise (count 1), in violation of 18 U.S.C. § 1962(d); conspiracy to distribute 280 grams of cocaine base (crack) and marijuana (count 2), in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; carjacking and aiding and abetting (count 4), in violation of 18 U.S.C. § 2119; carrying and using a firearm during a crime of violence (counts 5 and 27), in violation of 18 U.S.C. § 924(c); assault with a deadly weapon in aid of racketeering and aiding and abetting (count 26), in violation of 18 U.S.C. § 1959(a)(3); distribution of crack cocaine (count 38), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); possession of crack cocaine with the intent to distribute (counts 41 and 65), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); and possession of a firearm in

2

furtherance of a drug trafficking crime (count 42), in violation of 18 U.S.C. § 924(c). He was acquitted of count 5, but convicted of all other counts in which he was named in the superseding indictment. The District Court sentenced him to 480 months' imprisonment and five years' supervised release, and imposed various fines and special assessments.

## II.     Discussion[1]

On appeal, Hobbs challenges the District Court's denial of his motion for the disclosure of metadata, admission of uncharged misconduct without analysis under Federal Rule of Evidence 404(b), denial of his motion for a mistrial based on mistaken identity evidence, and imposition of consecutive mandatory minimum sentences. We address each argument in turn.

### A.     Disclosure of Metadata[2]

Hobbs argues that the District Court erred in refusing to order disclosure of the metadata associated with the electronic transcription of a statement he gave to the police while in custody. According to Hobbs, the government was obligated to produce the metadata from the thumb drive upon which his statement to a Philadelphia police detective was stored, both because the metadata was *Brady* material and because Federal

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] We review the District Court's evidentiary rulings for an abuse of discretion. *United States v. Knight*, 700 F.3d 59, 62 (3d Cir. 2012). "In reviewing *Brady* claims, we review the District Court's conclusions of law de novo and its findings of fact for clear error." *United States v. Moreno*, 727 F.3d 255, 262 (3d Cir. 2013).

Rule of Criminal Procedure 16 requires the metadata's production.[3] But Hobbs has failed to show that he is entitled to the information. He requested the metadata because he thought it could lead to impeachment information, even though he admitted he had no idea what that impeachment information might be, and despite his having a copy of the statement, which he did not allege to be inauthentic or inaccurate. In other words, Hobbs speculates that there is some unknown possibility that the metadata could potentially be helpful in some unknown way. That is far from sufficient to establish a violation of either *Brady* or Federal Rule of Criminal Procedure 16. *See Lambert v. Blackwell,* 387 F.3d 210, 252 (3d Cir. 2004) ("[T]o establish a *Brady* violation requiring relief, a defendant must show that (1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material."); Fed. R. Crim. P. 16(a)(1)(E)(iii) (requiring disclosure of items "material to preparing the defense"). Accordingly, the District Court did not err in denying his motion.

---

[3] Hobbs also contends production was required under Federal Rule of Civil Procedure 34, claiming that it "may provide guidance and should apply where electronic metadata, or the native format is specifically requested and relevant." (Opening Br. at 23 (internal quotation marks omitted).) That Rule does deal with the manner and form in which electronically stored information should be produced in a civil case when such information is discoverable, but the Rule has no relevance in this criminal proceeding, especially since the question is whether Hobbs sufficiently established that the metadata was discoverable in the first place.

## B.     Prejudicial Evidence of Uncharged Misconduct[4]

Hobbs next challenges the District Court's admission of evidence detailing uncharged misconduct – specifically, a victim's testimony describing a prior assault and a Philadelphia police sergeant's testimony that Hobbs had been arrested for eluding law enforcement and reckless endangerment.  Hobbs was not charged with either of those acts in the superseding indictment, even though he was charged for a subsequent assault of the same victim in count 26 of the superseding indictment.  As he argued in his pre-trial motion to exclude such evidence, Hobbs contends that the testimony should have been subjected to a Rule 404(b) analysis, rather than summarily admitted as intrinsic evidence.  Assuming without deciding that Hobbs is correct that the uncharged misconduct should have been subjected to analysis under Rule 404(b), we believe that the error was harmless.

It is clear that the admission of testimony describing one uncharged assault and describing the incident in which Hobbs eluded law enforcement had no meaningful impact on the jury's verdict, given the volume of evidence against Hobbs and the Harlem Boys.  The government presented weeks of testimony from co-conspirators and victims, detailing the Harlem Boys' extensive illegal – and frequently violent – activities in support of their ongoing large-scale drug trafficking enterprise, including evidence that

---

[4] As we have noted, we review the district court's evidentiary rulings principally on an abuse of discretion standard. *Knight*, 700 F.3d at 62.  "We exercise plenary review, however, of [the district court's] rulings to the extent they are based on a legal interpretation of the Federal Rules of Evidence." *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 131 (3d Cir. 1997).  That includes plenary review "of whether evidence falls within the scope of Rule 404(b)." *United States v. Cruz*, 326 F.3d 392, 394 (3d Cir. 2003).

5

Hobbs was part of a second assault on the same victim. Based on the overwhelming evidence presented, we are left with a sure conviction that the victim's testimony regarding the first assault and the sergeant's testimony that Hobbs tried to elude the police had no impact on the verdict. *United States v. Vosburgh*, 602 F.3d 512, 540 (3d Cir. 2010) (test for harmless error is whether it is highly probable that the error did not contribute to the judgment; in other words, the court must possess a sure conviction that the error did not prejudice the defendant).

### C.  Identification Evidence[5]

Hobbs also challenges the District Court's denial of his motion for a mistrial after a witness incorrectly identified him in a photo spread as having perpetrated an assault that he did not commit. Hobbs was charged in the original indictment with assaulting a victim named Zambo Forbes, because Forbes, viewing a photo spread, had identified him as the perpetrator. In the superseding indictment, the government dropped that charge because – as the government now admits – Hobbs did not commit that crime and Forbes had made a mistaken identification. Before trial, Hobbs moved to suppress the photo and the District Court denied that motion based on the government's representation that it had dropped the assault charge and thus that the motion was moot. At trial, however, the government elicited testimony from Forbes that he circled Hobbs's picture in the photo spread because it was "the guy [he] assumed shot at [him]." (App. at 2330.) After Forbes testified, Hobbs asked the District Court to instruct the jury that he was not

---

[5] We review the District Court's denial of a motion for a mistrial for an abuse of discretion. *United States v. Liburd*, 607 F.3d 339, 342 (3d Cir. 2010).

6

charged with assaulting Forbes, but the District Court denied that request because the government had not elicited testimony that the person pictured in the photo array was Hobbs and because the government represented that it would present testimony that Hobbs was not involved in the assault. Hobbs then moved for a mistrial. The government explained that it introduced the evidence because it feared that the other defendants who were charged with the crime would attempt to use the mistaken identification to exculpate themselves. The District Court ultimately denied Hobbs's motion for a mistrial and a government witness testified that Forbes had mistakenly identified Hobbs as one of the attackers. In its closing charge to the jury, the District Court instructed that Hobbs did not assault Forbes and that the jury should not use that identification as evidence against Hobbs.

We are left to wonder what motivated the prosecutor's conduct in this regard. The decision to elicit mistaken identification testimony was misguided, particularly after the government had represented to the District Court that Hobbs's motion to suppress was moot. The prosecutor's justification – that he wanted to preempt the use of that mistaken identification by the defendants who were charged with the assault – is an awfully poor reason to introduce confusing and irrelevant evidence. That said, the error in eliciting that testimony and the District Court's error in permitting it without immediate correction – and we think it important to note that both were indeed error – were harmless. First, Hobbs's attorney cross-examined the case agent, who testified that the Forbes

identification was a mistake.[6]  That exchange made it sufficiently clear to the jury that

Forbes's identification of Hobbs was not accurate.  Moreover, at trial, the two Harlem

Boys who actually did commit the assault described the attack and its participants, which

did not include Hobbs.  Further, the District Court later instructed the jury that Hobbs

was not charged with the Forbes assault and that they could not consider the assault as

evidence against Hobbs.[7]  That the Court did not give the instruction until its final charge

---

[6] Specifically, the following exchange occurred:

Counsel for Hobbs: [T]he indictment does not charge Mr. Hobbs with any involvement in the June 19th 2008 assault on Zambo Forbes, correct?

Agent Bowman: That is correct.

…

Counsel for Hobbs: Based on your investigation, the identification that Mr. Forbes made ... was a mistaken identity ... ?

Agent Bowman: That's right.

Counsel for Hobbs: Okay.  And that identification was of Mr. Hobbs, correct?

Agent Bowman: Correct.

Counsel for Hobbs: But your investigation concluded that Mr. Forbes was wrong, correct?

Agent Bowman: Yes

(App. at 2472-73.)

[7] Specifically, the Court instructed the jury as follows:

During the testimony of Zambo Forbes, you heard testimony concerning an out-of-court identification by Mr. Forbes of the defendant, Merrell Hobbs.

8

to the jury does not change our analysis because, again, the day after Forbes testified, Hobbs's attorney elicited testimony from the case agent that Hobbs was not involved in the Forbes attack. Finally, as discussed above, the properly admitted evidence of guilt in this case was overwhelming. Accordingly, we are confident that the errors did not prejudice Hobbs.

### D.    Sentencing Error[8]

Finally, Hobbs argues that the consecutive mandatory minimum sentences imposed by the District Court violated the Double Jeopardy Clause of the Fifth Amendment. The District Court imposed consecutive mandatory sentences of five years for count 27 and twenty-five years for count 42 – both violations of 18 U.S.C. § 924(c) for possession of a firearm during a crime of violence and during a drug trafficking offense, respectively. Hobbs argues that, because both gun crimes are predicated on the same drug conspiracy charged in count 2 of the indictment, they are multiplicitous. He is wrong.

---

> Mr. Hobbs is not charged with participation in the alleged assault of Zambo Forbes, that's at Count 28, and the government did not introduce the evidence to show any connection between Mr. Hobbs and that incident. You are therefore instructed that you cannot consider or use that out-of-court identification as part of the government's case against Mr. Hobbs.

(App. at 8693.)

[8] We exercise plenary review over the District Court's imposition of consecutive mandatory sentences under 18 U.S.C. § 924(c). *United States v. Diaz*, 592 F.3d 467, 470 (3d Cir. 2010).

In *United States v. Diaz*, we explained that, when a defendant is charged with one drug trafficking offense, he may not be convicted of two separate counts of carrying a firearm in relation to that single offense. 592 F.3d 467, 475 (3d Cir. 2010). But that is not what happened here. Hobbs was convicted of one count of assault with a deadly weapon in aid of racketeering – and an accompanying § 924(c) offense – and a separate count of possession of crack with the intent to distribute – and an accompanying § 924(c) offense. Those are two separate crimes, only one of which is contained in the conspiracy charged in count 2 of the superseding indictment. Accordingly, because there are two separate offenses and two accompanying firearms charges, the consecutive mandatory minimum sentences are not multiplicitous and do not violate Double Jeopardy. *United States v. Kennedy*, 682 F.3d 244, 257 (3d Cir. 2012) ("Because Kennedy was convicted of two distinct possession-with-intent-to-distribute counts, and because the jury properly found that he possessed separate firearms in furtherance of those crimes, his concomitant § 924(c) convictions were not multiplicitous.")

## III.  Conclusion

For the forgoing reasons, we will affirm the judgment and sentence of the District Court.