NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2916 and 14-2939
_____

UNITED STATES OF AMERICA

v.

RALPHIEL MACK,
　　　　Appellant in No. 14-2916


UNITED STATES OF AMERICA

v.

TONY MACK,
A/K/A HONEY FITZ,
A/K/A THE LITTLE GUY,
A/K/A NAPOLEON

Tony F. Mack,
　　　　Appellant in No. 14-2939


_____

On Appeal from the United States District Court
for the District of New Jersey
District Court Nos. 3-12-cr-00795-001 & 003
District Judge: The Honorable Michael A. Shipp

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 6, 2015

Before: FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Filed: December 4, 2015)

_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

These consolidated appeals concern a public corruption sting operation that ultimately resulted in the convictions of the Mayor of Trenton—Tony Mack—and his brother—Ralphiel Mack. After an eighteen day jury trial, the Mack brothers were convicted of two counts of violating 18 U.S.C. § 1951(a) and (b)(2) (conspiracy to commit extortion under color of official right and attempt to do the same), and one count of violating 18 U.S.C. § 666(a)(1)(B) (accepting a bribe). Tony Mack was also convicted of two counts of violating 18 U.S.C. §§ 1341 and 1346 (scheme to defraud money, property, and honest services: wire fraud) and one count of violating 18 U.S.C. §§ 1343 and 1346 (scheme to defraud money, property, and honest services: mail fraud). On appeal, Tony Mack raises one claim of prosecutorial misconduct, while Ralphiel Mack raises a plethora of claims that are unsupported by the record.

**I. Tony Mack**

Tony Mack claims that the Government knowingly made a factual misrepresentation during its rebuttal closing argument that ultimately prejudiced him. This issue was not raised at trial, and therefore it is reviewed for plain error. *United States v. Berrios*, 676 F.3d 118, 134 (3d Cir. 2012). The Court must determine if the

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

"prosecutor's comments to the jury 'so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Rolan v. Coleman*, 680 F.3d 311, 321 (3d Cir. 2012) (alteration in original) (quoting *Greer v. Miller*, 483 U.S. 756, 765 (1987)). In determining whether prejudice exists, the court must look to (1) the severity of the conduct; (2) the effect of any curative jury instructions; and (3) the totality of the evidence against the defendant. *Id.* Mere misconduct is not grounds for a reversal. *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

In this case, there are no grounds for reversal. The District Court did not find the misrepresentation at issue here—a reference to a specific time frame on a surveillance video during the Government's rebuttal closing argument—to be knowing misconduct, as it was based on the court reporter's typographical error. Even if the Government did commit misconduct, the jury was told by the Government to view the tapes themselves, and instructed by the District Court that statements of attorneys are not evidence. Finally, the weight of the evidence against Tony Mack was overwhelming, and any prosecutorial misconduct did not unfairly prejudice him.

## II. Ralphiel Mack

Ralphiel Mack raises several claims, all of which we reject as meritless.

### A. Sufficiency of the Evidence

Ralphiel Mack argues that the Government failed to meet its burden of proof on all counts. He also claims that the Government *knew* that it could not meet its burden of proof, and thus engaged in prosecutorial misconduct by proceeding to trial. We review a claim for sufficiency of the evidence *de novo*, and must determine whether, "after

3

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 169 (3d Cir. 2014) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In a written order addressing Ralphiel Mack's post-trial Rule 29 motion, the District Court noted that "proof of Ralphiel Mack's knowledge [of the illegality of his actions] was by no means overwhelming," but nonetheless concluded "that it was sufficient to support the jury's verdict." We agree that *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Vanterpool*, 767 F.3d at 169. Two pieces of evidence pertaining to Ralphiel Mack's knowledge that the Court deems particularly persuasive are the discovery of $2,500 in "marked" hundred dollar bills in his wallet, and his subsequent phone call to a co-conspirator saying that he hoped that the money had been "switched up." Because the evidence was sufficient, the prosecutorial misconduct claim based on the Government's proceeding to trial with insufficient evidence is also meritless.[1]

### B. Giorgianni Recordings

At trial, the Government introduced several tape recordings of Joseph Giorgianni, a co-conspirator of the Mack brothers. Before trial, defense counsel stipulated as to the

---

[1] For the same reasons, Ralphiel Mack's claim that there was a variance between the facts alleged in the indictment and those proven at trial is meritless. This claim relies on statements of denial made by co-conspirator Joseph Giorgianni when he was first apprehended. Giorgianni later confessed and corroborated the facts alleged in the indictment.

authenticity of the recordings. However, neither the Government nor the Mack brothers called Giorgianni as a witness, despite his availability to testify for either party. Ralphiel Mack argues that the District Court erred when it did not allow him to play certain recordings of Giorgianni for the jury. He also argues that the Government's failure to call Giorgianni as a witness, and thus be available for cross-examination, violated the Confrontation Clause.[2]

The District Court's evidentiary ruling is reviewed for abuse of discretion as to the admissibility of the recordings, and the review is plenary as to the proper interpretation of the Federal Rules of Evidence. *United States v. Georgiou*, 777 F.3d 125, 143 (3d Cir. 2015). Similarly, the ruling concerning the Confrontation Clause is reviewed for abuse of discretion, but, to the extent that it was based on an interpretation of the law, this Court exercises plenary review. *United States v. Bobb*, 471 F.3d 491, 497-98 (3d Cir. 2006).

The recordings were properly used by the Government pursuant to Federal Rule of Evidence 801(d)(2)(E), which provides that a co-conspirator's statement is not hearsay. When Ralphiel Mack's attorney sought to use the recordings, the District Court properly held that Rule 801(d)(2)(E) does not allow the use of co-conspirator statements to be used against the Government in a criminal trial. *United States v. Kapp*, 781 F.2d 1008, 1014 (3d Cir. 1986).

The introduction of the recorded conversation between Giorgianni and Charles Hall also did not violate the Confrontation Clause. Ralphiel Mack claims that Giorgianni

---

[2] Ralphiel Mack also claims that Government witnesses were allowed to improperly interpret Giorgianni's statements. A review of the record reveals that

was aware that Hall was wearing a wire, and thus was aware that his statements would be used at trial. This argument was raised at the District Court, which found the claim to be "wholly unsubstantiated" by the record. We do not find an abuse of discretion in the District Court's evidentiary ruling, and thus the recorded statements were not testimonial and were admissible. *United States v. Berrios*, 676 F.3d 118, 128 (3d Cir. 2012).

### C. Presumption of Innocence

Ralphiel Mack also claims that his presumption of innocence was infringed when the Government made certain remarks as part of its opening and closing statements. In its opening statement, the Government told the jury to "pay careful attention to what the defendants say . . . but also pay careful attention to how they say things; pay careful attention to the questions they don't ask; and pay careful attention to what they demonstrate they understand by not asking those questions." Similar statements were made during closing arguments. Taken out of context, this statement appears to be commenting on gaps in the in-court testimony of the Mack brothers, but the immediately preceding statement, telling the jury to "evaluate this evidence, in particular, the recorded conversation," makes it clear that the Government was referring to the recorded conversations of the Mack brothers that it was planning to introduce into evidence, not to any statements that it expected the Mack brothers to make on the witness stand. Thus, this claim has no support in the record.

### D. Jury Instructions

Ralphiel Mack also argues that the District Court gave several improper jury

in such cases, the witnesses were speaking from personal knowledge.

instructions and erred in ignoring several proposed instructions. Review of jury instructions is plenary as to whether the District Court misstated the law and for abuse of discretion as to the wording of instructions. *United States v. Moreno*, 727 F.3d 255, 261-62 (3d Cir. 2013). If counsel fails to object, the standard of review is for plain error. *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005). "Merely proposing a jury instruction that differs from the charge given is insufficient to preserve an objection." *Franklin Prescriptions, Inc. v. New York Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005).

Defense counsel wanted an instruction on the testimony of alleged accomplices possibly being perjured or unreliable. The District Court properly instructed the jury that such testimony should be reviewed "with great care and caution." No further instruction was necessary.[3] *United States v. Bobb*, 471 F.3d 491, 500 (3d Cir. 2006). Ralphiel Mack failed to object to the remaining instructions that he contests, and we find no plain error. We note that several of the instructions Ralphiel Mack claims were erroneously excluded, *were included*. Furthermore, Ralphiel Mack now challenges one instruction *that he previously agreed* to during the charge conference.

### E. Improper Guideline Calculation

Lastly, Ralphiel Mack claims that his offense level was improperly calculated at sentencing. Specifically, he objects to the 8-level enhancement under U.S.S.G. § 2B1.1(b)(E) for a loss of more than $70,000. He argues that the largest part of the calculated loss was $100,000, which he claimed was part of the honest services charges

---

[3] At the charging conference, defense counsel only objected to the use of the word "great" instead of the word "greater."

of which he was acquitted. He states that he was found with only $2,500, and that no more than $5,000 should be attributed to him. However, Counts 1-3 of the Indictment, of which he was found guilty, specifically refer to the $100,000 that he claims should not be attributed to him. Thus, it was properly attributed to him at sentencing.

For the reasons stated herein, the judgments of the District Court will be affirmed.